IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHURJO ALI, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:21-CV-00539-ALM-AGD |
| v. § | |
| § | |
| CHECLER INC., § | |
| § | |
| Defendant. § | |
| § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On July 13, 2021, *pro se* Plaintiff Shurjo Ali initiated the instant lawsuit by filing a Complaint against Defendant Checler Inc. alleging violations of the Federal Arbitration Act (Dkt. #1). Because, to date, Plaintiff has not served Defendant, the court recommends that Plaintiff's claims be dismissed without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m) and failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On July 13, 2021, Plaintiff filed a Complaint against Defendant (Dkt. #1). The same day, Plaintiff moved to proceed *in forma pauperis* (Dkt. #2). On July 23, 2021, the court granted Plaintiff's Motion to Proceed *in Forma Pauperis* (Dkt. #4). On July 29, 2021, summons was issued as to Defendant and forwarded to the United States Marshal for service (Dkt. #5). On September 24, 2021, Plaintiff filed a Motion for Leave to Request Alternate Service on Defendant (Dkt. #8). On October 19, 2021, the Marshal returned the summons unexecuted because it was returned undeliverable (Dkt. #9). On May 12, 2022, the court granted Plaintiff's Motion for Leave to Request Alternate Service on Defendant, directing Plaintiff to prepare service of process for Defendant's additional addresses within 21 days (Dkt. #14). On July 5, 2022, Plaintiff

acknowledged receipt of the court's Order granting alternative service (Dkt. #15). Because Plaintiff did not prepare the summons as ordered, on August 3, 2022, the court again ordered Plaintiff to prepare summons no later than August 23, 2022 (Dkt. #16). That Order also included the following admonishment: "Failure to comply with this Order may result in a recommendation that this case be dismissed under Rule 41(b) and/or failure to serve under Rule 4." (Dkt. #16) (emphasis omitted). On August 8, 2022, Plaintiff acknowledged receipt of the court's Order (Dkt. #17). On August 30, 2022, Plaintiff filed a Motion for Extension of Time to File, requesting "leave to reset the date for which the court's requested filing is due" (Dkt. #18). On May 26, 2023, the court granted Plaintiff's Motion for Extension of Time to File, instructing Plaintiff to prepare summons no later than June 16, 2023 (Dkt. #21). That Order also included an admonishment stating that "[s]hould a summons form not be received by this date, the [c]ourt will again recommend this case for dismissal." (Dkt. #21) (emphasis omitted).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "The burden of showing good cause is on the plaintiff." *Gartin v. Par Pharm. Companies, Inc.*, 561 F. Supp. 2d 670, 682 (E.D. Tex. 2007), aff'd, 289 F. App'x 688 (5th Cir. 2008) (internal quotation marks and citation omitted). "If the plaintiff does not show good cause, the court can either dismiss the case or extend the time for service." *Id.*

Additionally, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

## ANALYSIS

The court recommends that Plaintiff's case be dismissed because Plaintiff has not served Defendant, and in failing to do so, has not complied with the court's orders.

Plaintiff filed a Complaint on July 13, 2021, (Dkt. #1), meaning over three years have passed since the initiation of this lawsuit. To date, Defendant has not been served. As such, Plaintiff did not serve Defendant within the 90 days required by Federal Rule of Civil Procedure 4(m). Additionally, the court directed Plaintiff to prepare summons within a specified time on four separate occasions (Dkt. #4; Dkt. #14; Dkt. #16; Dkt. #21). Even so, Plaintiff only complied once (Dkt. #5), and in that instance, summons was returned unexecuted (Dkt. #9). Plaintiff did not request an extension of time until August 30, 2022, more than one year after filing the Complaint (Dkt. #18). And, even with the extension and admonishments from the court, as of the date of this Report, Plaintiff has not prepared summons as ordered. As such, the court declines to extend the time for service again because Plaintiff has failed to show cause, much less good cause, for failing

to timely effect service. Accordingly, Plaintiff's lawsuit should be dismissed under Federal Rule of Civil Procedure 4(m).

For the same reasons, Plaintiff's case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. FED. R. CIV. P. 41(b); *see Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE